**SOUTHERN ENVIRONMENTAL LAW CENTER**

120 Garrett Street, Suite 400  
Charlottesville, VA 22902

Telephone 434-977-4090  
Facsimile 434-993-5549

June 6, 2025

**Via ECF**

Clifton B. Cislak  
Clerk of the Court  
United States Court of Appeals for the District of Columbia Circuit  
E. Barrett Prettyman United States Courthouse  
333 Constitution Avenue, N.W.  
Washington, D.C. 20001

RE: *Sierra Club v. Federal Energy Regulatory Commission*, Nos. 24-1099 and 24-1198; Response to Rule 28(j) Supplemental Authority  
(Oral Argument Held March 4, 2025)

Dear Mr. Cislak:

Petitioners respond to the Rule 28(j) letters of FERC and Intervenors addressing *Seven County Infrastructure Coalition v. Eagle County*, No. 23-975 (U.S. May 29, 2025). However it may apply in other cases, *Seven County* has little utility here for three reasons.

First, unlike the railway, wells, and refineries in *Seven County*, the Cumberland Project and the Cumberland Gas Plant are not independent projects "separate in time or place." Slip op. 18. They are physically, temporally, and functionally joined, which FERC does not contest. Opening Br. 38–41; Reply Br. 16; *see also* FERC Br. 37–38 & n. 7.

Second, unlike *Seven County*, this case does not involve an agency attempting to draw a "manageable line" that excludes certain effects or activities. Slip op. 19. Although the Cumberland Gas Plant is under the jurisdiction of the Tennessee Valley Authority, FERC explicitly relied on its mistaken belief that downstream greenhouse gas emissions would decrease as a basis for approving the Cumberland Project. Reply Br. 11. Even if FERC "had no obligation to consider [downstream] impacts," FERC Letter 1–2, FERC baked them into its final decision and its errors were prejudicial, as Petitioners explained when responding to a similar argument during briefing, Reply Br. 11.

Third, unlike *Seven County*, this case does not present questions implicating deference, such as "what facts are relevant" to a decision about the level of detail required by NEPA. Slip op. 10. FERC treated downstream emissions as relevant, but its approach to evaluating them was unreasonable. Opening Br. 26–37; Reply Br. 3–15. Among other shortcomings, FERC's failure to account for the independent retirement by 2035 of the Cumberland Fossil Plant caused FERC to apply an emissions offset beyond what the record could support, and led FERC to believe emissions will go down when the record shows they will go up. Opening Br. 30–37; Reply Br.

11–14. Even "substantial deference" cannot save an agency that believes an increase is a decrease. Slip op. 12. On these facts, *Seven County* does not help FERC and Intervenors.

        Respectfully submitted,

        /s/ *Spencer Gall*

        Spencer Gall
        Southern Environmental Law Center
        120 Garrett Street, Suite 400
        Charlottesville, Virginia 22902
        Telephone: (434) 977-4090
        Email: sgall@selc.org

        *Counsel for Sierra Club and Appalachian Voices*

cc: all parties (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) because it contains 342 words.

/s/ *Spencer Gall*

Spencer Gall
Southern Environmental Law Center

## CERTIFICATE OF SERVICE

  I certify that on June 6, 2025, a copy of the foregoing document was filed using the Court's CM/ECF system. Counsel for all parties are registered CM/ECF users and will be served electronically.

            /s/ *Spencer Gall*

            Spencer Gall
            Southern Environmental Law Center